Houck, J.
This case is here on error to a judgment of the common pleas court of Coshocton county, reversing the judgment of conviction of defendant in error by Mayor Tish.
In the mayor’s court Elson was convicted of possessing intoxicating liquors in violation of Section *185 6212-15, General Code, being Section 3 of what is known as the “Crabbe Act” (108 O. L., pt. 2,1182).
The common pleas court reversed the judgment of conviction by the mayor for the following reasons:
1. That the affidavit did not charge the defendant with the commission of an offense.
2. That the affidavit did not allege intent.
3. That the charge in the affidavit was not laid with sufficient certainty.
4. That the mayor’s official seal was not upon the affidavit and warrant.
5. That the judgment of conviction by the mayor was not sustained by the evidence.
The question for this court to pass upon is: Did the common pleas court commit prejudicial error in reversing the judgment of conviction in this case by the mayor?
The affidavit, omitting the dates, is as follows:
“State of Ohio, Coshocton County, ss.:
“In the Mayor’s Court of the city of Coshocton, County of Coshocton, Ohio.
“Before me, W. S. Tish, mayor of the city of Coshocton, county of Coshocton, Ohio, personally came J. R. Maple, who being first duly sworn according to law deposes and says:
“That on or about the........day of............, A. D. 192...., in the county of Coshocton, state of Ohio, one Tunis Elson did then and there possess intoxicating liquors; that the possessing of intoxicating liquors as aforesaid by the said Tunis Elson was then and there prohibited and unlawful and contrary to Section 3 (Section 6212-15, General Code) of an Act entitled ‘An Act to prohibit the liquor traffic and to provide for the administration and enforcement *186 of such prohibition and repeal certain sections of the G-eneral Code’ (108 Part 2, O. L., 1182), approved at the general election held November 2, 1920, and that the possessing of intoxicating liquors as aforesaid was not in accordance with the provisions of Title II of the Act of Congress known as the ‘National Prohibition Act,’ passed October 28, 1919, said possessing not having been in a bona fide private dwelling, and against the peace and dignity of the state of Ohio.
“Further deponent saith not.”
Was this affidavit defective because it did not affirmatively state that the intoxicating liquors so possessed were for beverage purposes?
It will be observed that the offense defined in Section 6212-15 consists in possessing intoxicating liquors, and when the proof establishes that fact it is all that is required under the statutory provision. It follows that it is not necessary to allege in the affidavit that the intoxicating liquor was for beverage purposes. If the intoxicating liquor is possessed lawfully, that may be shown as a matter of defense.
We do not think it necessary to aver in the affidavit that the intoxicating liquor is for beverage purposes for the further reason that the “Crabbe Act” simply outlaws intoxicating liquor for beverage purposes, and the force and effect of that act is that one who possesses it is guilty of an offense, unless such possession comes within the exceptions thereto, which exceptions must be affirmatively established as a defense. Nowhere in that act do we find that intoxicating liquor is permitted to be used for beverage purposes, save and except as found in paragraph 2 of Section 6212-14, G-eneral Code, which *187 provides that “the term possess shall not apply to intoxicating liquor in a bona fide private dwelling. ’ ’
The following authorities are decisive of the question here raised:
“Negative averment to the matter of an exception or proviso in a statute is not a requisite in an indictment, unless the matter of such exception or proviso enter into and become a part of the description of the offense, or a qualification of the language defining or creating it.” Hirn v. State of Ohio, 1 Ohio St., page 15.
“A negative averment to the matter of a proviso in a statute, is not requisite in an information, unless the matter of such proviso enters into and becomes a part of the description of the offense, or is a qualification of the language defining or creating it.” Billigheimer v. State, 32 Ohio St., page 435.
“If the acts complained of in this case were within the exception, the defendant’s rights were fully protected by permitting him to set them up in defense. These were matters as to which he had particular and special knowledge, and no harm can come to him nor to the state by imposing upon him the duty of bringing himself within such exceptions. Had the Legislature intended the exceptions mentioned to be made a part of the description of the offense, the presumption certainly is that it would have included them in the statute that created the offense.” Brinkman v. Drolesbaugh, 97 Ohio St., 171, 177.
Was it necessary for the affidavit to allege intent? We answer this in the negative.
An examination of Section 6212-15 under favor of which the affidavit was drawn, clearly shows that an averment or allegation of knowledge, or unlawful *188 purpose, or an intention to do an unlawful act, is not necessary. Nothing in this provision of the statute requires any such averment, and, therefore, not being made a part of the offense by the statute, it is not required to be set forth in the affidavit.
As to whether or not the affidavit fully advised the accused of the alleged offense, we will say that it is urged on the part of the accused that the affidavit is faulty because it does not charge that the intoxicating liquor possessed was of a certain kind, viz, whiskey, gin, rum, beer or other liquor named in Section 6212-14, General Code. This claim is not well taken, and we are supported in this conclusion by a recent decision of our supreme court. We refer to the case of State of Ohio v. Marcinski, from Cuyahoga county, reported in 103 Ohio St., 613, in which case, Judge Wanamaker, after quoting the provisions of Section 13589, General Code, says at page 620:
“From the foregoing, it clearly appears that where the offense charged is ‘keeping a place where intoxicating liquor is sold in violation of law,’ etc., it is unnecessary to the sufficiency of an indictment to allege ‘the kind of liquor sold.’ If this were true when intoxicating liquors were licensed to be sold for beverage purposes, surely greater particularity would hardly be required when the sale of intoxicating liquors, or the possession of intoxicating liquors as a beverage, is totally outlawed or prohibited.”
In the present case does the fact that the official seal of the mayor was not attached to the affidavit and warrant invalidate them?
We are aware of the provision of Section 4549, General Code, and yet we cannot and will not bring *189 ourselves to hold this statute so far-reaching as to render the process issued hy the mayor of no force and effect in law. The omission of the seal was a clerical error, one of form and not of substance. It in no wise changed, or in no way added to or took from the accused, any of his legal rights; nor did it prevent him from having his “day in court.” If it was such an omission as would in any way work an injustice to him, or in effect prejudice him or prevent him from having a fair trial, or from obtaining substantial justice, we might hold otherwise.
While we find the failure to attach the seal to be an irregularity, yet as it does not in any way, in fact or law, change the charge made against accused in the affidavit, and does not jeopardize his legal rights, we must and do hold that the absence of the seal does not invalidate the proceedings in the may- or’s court.
We are fully satisfied that the validity of the proceedings is not affected by the fact that the mayor failed to attach the seal of his office to the affidavit and warrant. On its face it is simply in the nature of an irregularity, and does not invalidate the proceedings. The state having done all it could do in the premises, by causing an affidavit to be filed, in due and legal form, which was properly verified, it follows that all that the law required was done, and the mere fact of the omission of the mayor’s seal is not material to the validity of the affidavit or the warrant.
We believe in principle as well as in law that in error proceedings, where it is apparent from the record, as in the instant case, that the judgment *190 of conviction by tbe mayor is right, a technical error intervening in the proceedings or trial in the lower court should not avail to disturb the judgment entered below, and that a reviewing court would not be warranted in doing so.
The time was, in criminal trials, that the least technicality in the indictment or affidavit, as well as in the proof, worked an acquittal of the accused. But we are now living in a new day and age, when the rule to be applied must be that substantial justice should be done as between the state and the accused. Courts should follow the rule to disregard that which is simply formal and of a technical nature. This can be done, and at the same time protect and preserve from the commencement to the end of the case all those matters of substance necessary and essential to afford the accused a full, fair and impartial hearing and trial, so that not only justice may be meted out to the accused but the rights of the state be fully protected, that in the end justice, and that only, will prevail.
A careful reading of the testimony offered at the trial in the mayor’s court, as found in the bill of exceptions, fully convinces us that the evidence was sufficient to warrant the judgment of conviction as entered in that court.
We have made a careful examination of the record now before us for review; have also read with much interest and benefit the able briefs submitted by learned counsel in the case; and it is the unanimous judgment of the members of this court that the judgment of conviction in the mayor’s court was right. It follows that the judgment of the common pleas court in reversing the mayor’s court was erroneous and prejudicial to the state, the plaintiff *191 in error here, and that .such judgment should he reversed, which is now done.

Judgment of the common pleas court reversed, and that of the major’s court affirmed.

Shields and Patterson, JJ., concur.