## Podner v. The State of Ohio.

*Intoxicating liquors—Unlawful possession—Premises not bona fide private residence, when—Section 6212-27, General Code —Search warrant unnecessary and contraband liquor admissible in evidence, when—Constitutional question not involved.*

Where the accused was not required to do anything tending to incriminate him, it is immaterial whether or not intoxicating liquor, offered in evidence against him as its possessor, was legally obtained by the prosecuting officer; but when an officer is directed to a private dwelling to quell a disturbance, and knocking at the door is readily admitted, and while there finds two jugs of corn whiskey, which he confiscates, the place can no longer be regarded under the statute as a *bona fide* residence, and the defense that the officer was not armed with a search warrant does not lie, and admission of the liquor in evidence against the possessor raises no question of constitutional right.

(Decided December 9, 1922.)

Error: Court of Appeals for Stark county.

*Mr. Joseph M. Blake,* for plaintiff in error.
*Mr. C. B. McClintock,* assistant prosecuting attorney, for defendant in error.

Houck, J.   Thomas Podner was convicted in the common pleas court of Stark county, Ohio, of unlawfully having in his possession intoxicating liquor, and was assessed a fine of $1,000.   To reverse

Criminal Law, 16 C. J. § 1110; Intoxicating Liquors, 33 C. J. §§ 198, 367.

that judgment of conviction error is prosecuted to this court.

Counsel for plaintiff in error in his brief says:

"The only question in this error proceeding is whether or not officers may without a search warrant enter a dwelling house, search the same and seize the evidence of an offense."

The facts are substantially as follows:

On the evening of the 28th day of May, 1922, there was some trouble at the Mapleton Clay Products Company's plant near Mapleton, Ohio, and the sheriff of Stark county was telephoned to by Mr. Schario, the president of the company, to send some officers there, as there was trouble at the plant. In pursuance to said request, Milo W. Cathon, the Sheriff of Stark county, sent his deputy, O. E. Alspaugh, who went to the plant and was directed to the residence of the defendant. He rapped on the door and found it locked, and then he called to Tom Podner, who came and opened the door, and the officer entered the house, which belonged to the Mapleton Clay Products Company, but had been rented to Podner. When the deputy sheriff got inside the house he smelled liquor, and saw a number of drunken persons in the room; he looked around and saw a jug of corn whiskey on a stand, and took it; he also pulled up a trap door in the floor and found a large jug of whiskey there and took it along. There was no search warrant issued in this case to search this house.

The question here presented to be answered by this court is: Under the facts and law could the liquor found in the possession of Podner, which

is conceded to have been unlawfully possessed, be used in evidence against him, the same having been taken from the house occupied by Podner, by the deputy sheriff, without having a search warrant for said premises?

We find and hold under the facts in the instant case that the liquor found in the house of Podner by the deputy sheriff was properly admitted in evidence.

The officer did not force his way into the home, but was admitted by the owner opening the door and permitting him to enter. In view of this, even if a search warrant had been necessary, which we do not find, but rather to the contrary, Podner waived his right of the requirements of a search warrant, and we think the officer had a legal right to enter the house.

The liquor being unlawfully possessed, the place where found, if such theretofore, ceased to be a *bona fide* private residence, and hence no search warrant was required in order for the officer to legally enter the home.

The third paragraph of Section 6212-27, General Code, reads in part:

"And no place shall be regarded as a *bona fide* private residence under the laws prohibiting the liquor traffic, wherein liquors are possessed which have been illegally manufactured or obtained."

There is no evidence showing or tending to show that the accused lawfully possessed or obtained the liquor found in his house, and hence it follows that his claimed *bona fide* private residence ceased to be such, if it ever had been, upon his failure to establish, as a fact, that the liquor found in his

house was lawfully possessed or obtained by him.

The possession of the corn whiskey, which the proof shows contained more than one half of one per cent. alcohol and was fit for beverage purposes, fastened the offense charged against plaintiff in error under the provision of the "Crabbe Act." If he lawfully possessed liquor, he had a right to show same as a matter of defense, but no attempt was made to do it.

This court in the case of *State* v. *Tunis Elson*, 16 Ohio App., 184, 32 O. C. A., 481, Court of Appeals of Coshocton county, laid down the following rule of law:

"It will be observed that the offense defined in Section 6212-15 consists in possessing intoxicating liquors, and when the proof establishes that fact it is all that is required under the statutory provision. * * * If the intoxicating liquor is possessed lawfully, that may be shown as a matter of defense.

"We do not think it necessary to aver in the affidavit that the intoxicating liquor is for beverage purposes for the further reason that the 'Crabbe Act' simply outlaws intoxicating liquor for beverage purposes, and the force and effect of that act is that one who possesses it is guilty of an offense, unless such possession comes within the exceptions thereto, which exceptions must be affirmatively established as a defense."

We find and hold that, under the facts and the provisions of the "Crabbe Act," the place where the liquor was found and taken by the officer was not the *bona fide* private residence of Podner. And we further find that under the facts in this case—

applying to same the statutory law as found in the "Crabbe Act," as well as the provisions of the Constitutions of the United States and the state of Ohio relating to search and seizure—no search warrant was required or necessary, and that the liquor found and taken was properly used as evidence in the trial in the Common Pleas Court.

Here the deputy sheriff acting in good faith, and upon information furnished that his presence was needed, entered the home of the plaintiff in error and found him in the commission of an unlawful act. He confiscated the liquor, the possession of which was unlawful, and might have arrested the offender if he had seen fit to do so, and both acts would have been under favor of the law, notwithstanding the officer was not armed with a search warrant. An officer, when a crime is being committed in his presence, has a right not only to arrest the one doing the illegal act, but to seize and carry away the instruments used in the commission of same; certainly so in the present case when the thing seized, intoxicating liquor, was itself unlawful to possess. And it occurs to us that no matter how illegally evidence be obtained, in a criminal case, it is nevertheless admissible if relevant to the issue, where the accused is not required to do anything which would in fact criminate him.

The seizure here was of intoxicating liquor, the possession of which unexplained by the possessor constituted a crime, thereby giving the deputy sheriff, who saw the accused not only in the commission of the illegal act, but in the unlawful possession of the whiskey, a full and complete right

not only to take into custody the offender but like-wise to take the whiskey to be used as evidence against the possessor.

Article 1, Section 14, Ohio Constitution reads:

"The right of the people to be secure in their persons, houses, papers and possessions, against unreasonable *searches* and *seizures* shall not be violated; and no warrant shall issue, but upon *probable cause*, supported by oath or affirmation, particularly describing the place to be searched and the *person* and *things* to be seized.

The protection afforded by the Constitution is proper, wise and humane. One's home is and should be his castle, and it is when used for lawful purposes; but when converted into a place for violation of law it ceases to be such, and the protection given under that article of our Constitution is not applicable. I do not understand how the plaintiff in error, under the peculiar facts as found in the record, can urge that his constitutional rights have been violated. We have been unable to find any violation.

The immunity from entering one's home certainly does not extend and afford protection from prosecution, conviction and punishment to one who is found committing a crime in his own home. We do not interpret the Constitution to so mean, and we are fully convinced that our constitution-makers did not so intend.

We find from the record now under review the following:

1.  No search warrant was necessary.

2.  The officer entered the premises of Podner on invitation and not by force.

3. The officer had a legal right under the facts, circumstances and the law to enter the home.

4. At the time the officer entered the Podner home, it was not in fact and law his *bona fide* private residence.

5. The officer had a right to seize the liquor found in the home of Podner, and take it away.

6. The liquor seized was properly admitted in evidence at the trial.

7. No constitutional rights of the accused were violated.

We have given the case careful and laborious consideration, and it is the unanimous opinion of the members of this court that the judgment of conviction of plaintiff in error in the Common Pleas Court is fully sustained by the law and the facts, and that the same should be affirmed.

*Judgment affirmed.*

PATTERSON and SHIELDS, JJ., concur.