Day, J.
The problem presented is well stated in the brief of plaintiff in error as follows:
“Is it necessary under the Eighteenth Amendment to the United States Constitution and under Article 15, Section 9, of the Constitution of Ohio, and under Section 6212-16 of the General Code of Ohio to charge in an affidavit of violation of either Constitution or both and the foregoing statute that the plaintiff in error unlawfully possessed intoxicating liquor for beverage purposes or as a beverage?”
A solution of the foregoing requires a determination of the following questions:
First. Does the affidavit sufficiently charge an offense under Sections 6212-15, 6212-16, and 6212-17, General Code (Crabbe Act)?
Second. Do these sections of the General Code violate the Constitution of the United States or the Constitution of the state of Ohio?
Section 6212-15, General Code, in so far as the same is pertinent to the inquiry here, recites as follows:
“No person shall * * * possess * * * any intoxicating liquors, except as authorized in this act. Liquor, and liquor preparations and compounds for nonbeverage purposes, and wine for sacramental purposes, may be * * * possessed * * * but only in accordance with the * * * ‘National Prohibition Act.’ * * *”
Section 6212-16 provides, in substance:
*433 “It shall be unlawful to have or possess any liquor * * * intended for use in violation of law.”
Section 6212-17 provides penalties for violations.
It is to be noted that the language of the sections quoted makes the offense consist in the unlawful possessing intoxicating liquors, and when that fact appears, in plain violation of the language of the statute, it is not necessary to go further forward and aver that the same are possessed for any particular purpose, as the lawful purposes for which such liquor may be possessed are affirmatively set forth in the statute, and it is the unlawful possession that is averred in the affidavit; hence a complete crime is charged without the addition of the language to be used “for beverage purposes.”
The Crabbe Act, so called, simply outlaws intoxicating liquor except for the purposes therein specified, and the force and effect of the act are that one who possesses intoxicating liquor is guilty of an offense, unless such possession comes within the exceptions thereto, which exceptions may be affirmatively established as a matter of defense.
This was the conclusion in the case of Elson v. State, wherein on October 10,1922, a motion to certify to this court the record of the Court of Appeals of Coshocton county was overruled. The exact point in the instant case was passed upon by the Court of Appeals in that case, as appears in the first syllabus of the report thereof (16 Ohio App., 184, 32 Ohio Ct. App., 481):
“An affidavit charging possession of intoxicating liquor is not rendered defective by reason of failure to affirmatively charge that the liquor so possessed was for beverage purposes.”
*434 Unless an exception or proviso is a part of the desei’iption of a criminal offense, it need not be pleaded or proved by the state, but is a matter of defense. Hirn v. State, 1 Ohio St., 15; Billigheimer v. State, 32 Ohio St., 435; Hale v. State, 58 Ohio St., 676, 51 N. E., 154; and Brinkman v. Drolesbaugh, 97 Ohio St., 171, 119 N. E., 451, L. R. A., 1918F, 1132.
This court has heretofore, in State v. Marcinski, 103 Ohio St., 613, 134 N. E., 438, passed upon the point that it is not necessary in a prosecution under Section 6212-15, General Code, to set forth the kind of intoxicating liquor, and the reasoning of that case is applicable to the case at bar. In the opinion, by Wanamaker, J., at page 620, of 103 Ohio St., at page 440 of 134 N. E., the following language is found:
“Here the gist of the offense is ‘the unlawful possession of intoxicating liquors.’ It is immaterial as to the kind or species. They are each and all equally outlawed so long as such intoxicating liquors are possessed for beverage purposes, as declared and defined in the statute.
“An analogous case, using the short form in stating the gist of an offense, may be found in the indictment charging manslaughter in Ohio, where the statute provides that ‘the defendant did unlawfully kill the deceased.’ (Section 13583, General Code.) The gist of the offense is the unlawful killing, and it is unnecessary to state the means or the maimer of the killing, whether it was a case of voluntary or involuntary manslaughter. These are matters of proof. If no greater particularity is required in a felony of the degree of manslaughter, *435 it would seem in reason and law that no greater particularity should be required in prosecutions for the unlawful possession of intoxicating liquors for beverage purposes, contrary to the statutes.”
It is true that the language “possessed for beverage purposes,” as declared and defined in the statute, and “unlawful possession of intoxicating liquors for beverage purposes contrary to the statutes,” appears in the opinion; but the use of the expression “for beverage purposes” is simply to distinguish from liquor and liquor preparations and compounds for nonbeverage purposes, as set forth in the statute. It was not intended thereby to create a middle ground, whereby intoxicating liquor, not lawfully possessed in accordance with the terms of the statute, might be lawfully possessed for non-beverage purposes. Such a construction is contrary to the letter and spirit of the Orabbe Act, as the possession of intoxicating liquor, except in the manner and under the circumstances set forth and prescribed in the statute, is forbidden by law.
An examination of the record in State v. Marcinski, supra, discloses the fact that in the affidavit in that case the words “for beverage purposes” or “as a beverage” were entirely omitted from the affidavit charging the offense, and the same attack made here might have been made with equal force and effect there; but the point was not thought worth arguing or presenting to the court and is not specifically passed upon in the opinion. But as above noted the argument and reasoning in State v. Maroinski, supra, is equally cogent and applicable to the case at bar, in support of the conclusion we have reached, to-wit, that it is not necessary to aver that *436 the intoxicating liquor is “possessed for beverage purposes,” the same being matter of proof and defensive in nature.
Entertaining these views as to the construction of the statute, we decline to disturb this judgment upon that ground.
The remaining two points urged by the plaintiff in error are that the act in question is in contravention of the Eighteenth Amendment of the United States Constitution and of Section 9, Article XV of the Constitution of the state of Ohio. These sections, in so far as they are material, are as follows:
Eighteenth Amendment to the Constitution of the United States (became effective January 16, 1920):
“Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquor within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.
‘ ‘ Section 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation.”
Ohio state prohibition amendment (became effective May 26,1919; Section 9, Article XV, Ohio Constitution) : “The sale and manufacture for sale of intoxicating liquors as a beverage are hereby prohibited. The General Assembly shall enact laws to make this provision effective. Nothing herein contained shall prevent the manufacture or sale of such liquors for medicinal, industrial, scientific, sacramental, or other nonbeverage purposes.”
*437 It is to be noted that the federal amendment gives Congress and the several states concurrent power to enforce this act, and the Supreme Court of the United States has recognized this power in Creme v. Campbell, 245 U. S., 304, 307, 38 Sup. Ct., 98, 99 {62 L. Ed., 304):
“It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a state has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of intoxicating liquors within its borders without violating the guarantees of the Fourteenth Amendment. Bartemeyer v. Iowa, 18 Wall., 129; Beer Company v. Massachusetts, 97 U. S., 25, 33; Mugler v. Kansas, 123 U. S., 623, 662; Crowley v. Christensen, 137 U. S., 86, 91; Purity Extract Co. v. Lynch, 226 U. S., 192, 201; Clark Distilling Co. v. Western Maryland Ry. Co., 242 U. S., 311, 320, 321; Seaboard Air Line Ry. v. North Carolina, ante, 298.”
Now, the state Legislature has broad powers, first, to act concurrently with Congress in enforcing the Eighteenth Amendment; second, the power given by Section 9, Article XV, “The General Assembly shall enact laws to make this provision effective.”
The constitutionality of Section 3 of title 2 of the Volstead Act, which makes possession an offense without specifying that it is possessed for beverage purposes, is construed by Donahue, J., in Rose v. United States (C. C. A.), 274 Fed., 245:
“Congress in the exercise of its power has determined that it is essential and appropriate to the en *438 forcement of this constitutional amendment to restrict the possession of intoxicating liquors to those having permits to keep and possess the same and to private homes when intended for the sole use of the owner and his family and their bona fide guests.” (Writ of certiorari denied in U. S. Supreme Court, 257 U. S., 655, 42 S. C., 97, 66 L. Ed., 419.)
Now, it is to he noted that both constitutional amendments prohibit “for beverage purposes,” while both laws, Volstead Act as well as the Crabbe Act, define it as an offense “to possess any intoxicating liquors except as authorized in this act.”
It would seem that by the decision in the Rose case, supra, the constitutionality of Section 3 of title 2 of the Volstead Act is not affected because of the omission of the words “for beverage purposes,” or “as a beverage.” If the Volstead Act is sustained, then the Crabbe Act enacted pursuant to the larger powers of the state government, in so far as Section 3 of title 2 is concerned (Sections 6212-15 and 6212-16, General Code), should be sustained.
The remaining question is: Did the Legislature have power to enact a measure of general prohibition of intoxicating liquors, even though the Constitution may have used the expression “for beverage purposes?”
It is to be noted that the amendment (Article XV, Section 9) authorizes that the “General Assembly shall enact laws to make this provision effective.” No more effective law could be passed to make the prohibition amendment effective than one which makes the possession of intoxicating liquor unlaw *439 ful unless possessed in the manner prescribed by the statute.
The Legislature, therefore, had full power to make this provision effective in any way that it saw fit, and by making the bare possession of intoxicating liquor unlawful, unless possessed in the manner provided by the Volstead Act or the Crabbe Act, it was attaining the object in question in the most direct method.
"We are therefore constrained to the conclusion that prohibition by the terms of Section 6212-15 and Section 6212-16, General Code, is not limited to the possession of intoxicating liquor for “beverage purposes” or “to be used as a beverage,” but that the mere possession of intoxicating liquor, except for the purposes and in the manner enumerated in the statute, is in and of itself unlawful.
It is therefore not incumbent upon the state to aver that the same was possessed for beverage purposes and that the statute is not in contravention of either the federal or state Constitution.
The judgment of the Court of Appeals is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.