## CRANE *v.* CAMPBELL, SHERIFF OF LATAH COUNTY, IDAHO.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 53.  Argued November 15, 1917.—Decided December 10, 1917.

A State may prohibit and punish the possession of intoxicating liquor for personal use.  Idaho Laws, 1915, c. 11, p. 41, sustained.

27 Idaho, 671, affirmed.

THE case is stated in the opinion.

*Mr. J. H. Forney* and *Mr. A. H. Oversmith* for plaintiff in error, submitted.

*Mr. T. A. Walters*, Attorney General of the State of Idaho, with whom *Mr. Frank L. Moore* and *Mr. Wayne B. Wheeler* were on the briefs, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

An Act of the Legislature of Idaho, approved February 18, 1915, "defining prohibition districts and regulating and prohibiting the manufacture, sale . . . transportation for sale or gift, and traffic in intoxicating liquors &c." (Session Laws of Idaho, 1915, c. 11), provides:

"Sec. 2. It shall be unlawful for any person, firm, company or corporation, its officers or agents, to sell, manufacture or dispose of any intoxicating liquor or alcohol of any kind within a prohibition district or have in his or its possession or to transport any intoxicating liquor or alcohol within a prohibition district unless the same was procured and is so possessed and transported under a permit as hereinafter provided: Provided, That so long as the manufacture of intoxicating liquors for beverage purposes shall not be prohibited within the State by the Constitution or by general law applicable by its terms to the State as a whole, it shall not be unlawful for any person, company or corporation to manufacture intoxicating liquors for beverage purposes in a prohibition district for transportation to and sale outside of the prohibition district: Provided, That nothing in this Act shall be construed to apply to the manufacture, transportation or sale of wood or denatured alcohol."

"Sec. 15. It shall be unlawful for any person to import, ship, sell, transport, deliver, receive or have in his possession any intoxicating liquors except as in this Act provided."

"Sec. 22. It shall be unlawful for any person, firm, company, corporation or agent to have in his or its possession any intoxicating liquors of any kind for any use or purpose except the same shall have been obtained and is so possessed under a permit authorized by this Act."

Plaintiff in error was arrested and held in custody by the sheriff, in default of bail, solely because charged with having "in his possession a bottle of whiskey for his own use and benefit and not for the purpose of giving away or selling the same to any person" within Latah County, Idaho—a prohibition district—on May 16, 1915, in violation of the quoted sections. He sued out a writ of *habeas corpus* from the State Supreme Court and sought discharge upon the ground that those sections were in contravention of the Fourteenth Amendment, Federal Constitution, and therefore void. The court held: "The only means provided by the act for procuring intoxicating liquors in a prohibition district for any purpose relates to wine to be used for sacramental purposes and pure alcohol to be used for scientific or mechanical purposes, or for compounding or preparing medicine, so that the possession of whiskey, or of any intoxicating liquor, other than wine and pure alcohol for the uses above mentioned, is prohibited." And further, "we have reached the conclusion that this act is not in contravention of Section one of the Fourteenth Amendment to the Constitution of the United States . . . ; that it was passed by the legislature with a view to the protection of the public health, the public morals and the public safety; that it has a real and substantial relation to those objects and that it is, therefore, a reasonable exercise of the police power of the

State." (*In re Ed. Crane,* 27 Idaho, 671.) The writ was accordingly quashed and the petitioner remanded to custody.

The question presented for our determination is whether the Idaho statute, in so far as it undertakes to render criminal the mere possession of whiskey for personal use, conflicts with that portion of the Fourteenth Amendment which declares "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law." Its validity under the state constitution is not open for our consideration; with its wisdom this court is not directly concerned.

It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a State has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of intoxicating liquors within its borders without violating the guarantees of the Fourteenth Amendment. *Bartemeyer* v. *Iowa,* 18 Wall. 129; *Beer Company* v. *Massachusetts,* 97 U. S. 25, 33; *Mugler* v. *Kansas,* 123 U. S. 623, 662; *Crowley* v. *Christensen,* 137 U. S. 86, 91; *Purity Extract Co.* v. *Lynch,* 226 U. S. 192, 201; *Clark Distilling Co.* v. *Western Maryland Ry. Co.,* 242 U. S. 311, 320, 321; *Seaboard Air Line Ry.* v. *North Carolina, ante,* 298.

As the State has the power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective. *Booth* v. *Illinois,* 184 U. S. 425; *Silz* v. *Hesterberg,* 211 U. S. 31; *Murphy* v. *California,* 225 U. S. 623; and *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342, 364. And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary

and unreasonable or without proper relation to the legitimate legislative purpose.

We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no State may abridge. A contrary view would be incompatible with the undoubted power to prevent manufacture, gift, sale, purchase or transportation of such articles—the only feasible ways of getting them. An assured right of possession would necessarily imply some adequate method to obtain not subject to destruction at the will of the State.

The judgment of the court below must be

*Affirmed.*