### STREET v. LINCOLN SAFE DEPOSIT CO. et al.

(District Court, S. D. New York. February 10, 1920.)

1. **Equity ⬅=363—On motion to dismiss bill, facts well pleaded are taken as true.**

   On defendant's motion to dismiss the bill, all the facts therein well pleaded must be taken as true.

2. **Intoxicating liquors ⬅=13—Under Eighteenth Amendment Congress has full police powers to make prohibition effective.**

   Under the Eighteenth Amendment, prohibiting the manufacture, sale, or transportation of intoxicating liquors, and giving Congress power to enforce the article, Congress has, under the police power thereby granted, full authority to make the prohibition effective.

3. **Intoxicating liquors ⬅=139—Possession outside of private homes by those not holding permits is illegal.**

   Volstead Act, § 33, making possession of liquor by person not legally permitted to possess it prima facie evidence of unlawful purpose, requiring persons legally permitted to possess liquor to report amounts in possession, and permitting possession in homes for personal use without report, does not impliedly recognize lawful possession outside of homes by those not holding permits, so as to permit owner of liquor for personal use to keep it in a storage warehouse.

4. **Intoxicating liquors ⬅=139, 236 (5)—Possession in homes is possession of different character from that which is prima facie evidence of commercial intent.**

   Possession of intoxicating liquor for personal use in a home, permitted by the last sentence of Volstead Act, § 33, is possession of a different character from that made prima facie evidence of intent to sell by the preceding provisions of that section, so that the two provisions cannot be construed together as authorizing possession outside of a home for personal use.

5. **Intoxicating liquors ⬅=17—Restriction of possession for private consumption to possession within home is valid.**

   The restriction by Volstead Act, § 33, of possession of intoxicating liquors for personal consumption to such possession within private homes, is a valid exercise of power to enforce the prohibition of transportation of intoxicating liquor, given by Const. Amend. 18, § 2.

In Equity. Suit by William G. Street against the Lincoln Safe Deposit Company and Daniel L. Porter. On motion of complainant for

preliminary injunction, and by defendant Porter to dismiss the bill. Preliminary injunction denied, and bill dismissed.

Decree reversed 254 U. S. ——, 41 Sup. Ct. 31, 65 L. Ed. ——.

Davies, Auerbach & Cornell, of New York City (Joseph S. Auerbach and Charles H. Tuttle, both of New York City, of counsel), for complainant.

Francis G. Caffey, U. S. Atty., of New York City (Earl B. Barnes, Asst. U. S. Atty., of New York City, of counsel), for defendant Porter.

KNOX, District Judge. The complainant is the lessee of certain rooms within a storage warehouse operated by the defendant Lincoln Safe Deposit Company, in the Second internal revenue collection district of New York. Among the goods stored by the complainant in the leased rooms is a quantity of lawfully acquired wines and liquors. The defendant Porter is an agent of the Commissioner of Internal Revenue, and is charged with the enforcement of the provisions of the National Prohibition Law, commonly known as the Volstead Act, within the said collection district.

It is alleged that the wines and liquors owned by the complainant are intended for consumption by himself and the members of his family, or his bona fide guests. The complaint then proceeds to aver that Porter, with the approval of the Commissioner of Internal Revenue, has claimed, publicly stated, and threatened that after January 16, 1920, the date upon which the Eighteenth Amendment to the federal Constitution goes into effect, the aforesaid possession of said wines and liquors by the complainant, in the said storage warehouse, will be unlawful by reason of the said amendment and the provisions of the National Prohibition Act, and that the continued possession thereof will subject both the complainant and the Deposit Company to the penalties of the act. The complaint further avers that, by reason of such threats and fear of prosecution, the Deposit Company has notified complainant to remove the said wines and liquors from its premises, and that, unless complainant does so remove them, the Deposit Company threatens and intends to remove the liquors from the rooms in which they are now stored and possessed, and deliver them to the defendant Porter, who will seize and hold the same as outlawed goods, to be dealt with as such under the provisions of the National Prohibition Act.

It is alleged that the attitude of the defendants arises from an erroneous belief and construction of law upon their part, and it is claimed that the possession of the wines and liquors situated as aforesaid is now and will be lawful after January 16, 1920, and that, if the amendment and the Enforcement Act be construed to the contrary, such construction would render the statute unconstitutional. There is said to be no adequate remedy at law, and injunctive relief is prayed.

Upon the filing of the bill a temporary restraining order was issued against the Deposit Company, and the matter now comes before me upon an order to show cause why the outstanding restraint should not be continued, and the defendant Porter included within it.

[1] The latter, appearing by the United States attorney, moves, upon a number of grounds, for a dismissal of complainant's bill. I

shall not detail the reasons urged for a dismissal, save to say that the motion made upon behalf of Porter raises a question as to the construction to be placed upon title II of the act of Congress of October 28, 1919, supra, with respect to the state of facts shown by the bill. On the pleadings, all the facts therein well pleaded must be taken as true.

It is the contention of the complainant that the power delegated to the federal government by the Eighteenth Amendment to the Constitution is a subtraction from the general police power of the several states, and is limited to so much thereof as is comprehended within the specific subjects to be dealt with by Congress and essential for appropriate legislation thereon.    The Eighteenth Amendment reads as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

In pursuance of the provisions of section 2, Congress has enacted title II of the Volstead Act as embodying its conception of appropriate legislation.   It will thus be seen that nothing is said in the amendment as to the possession, as such, of intoxicating liquors, nor is there any prohibition against the consumption of intoxicating liquors; and it is urged by reason of this that it is therefore lawful for a person situated as is the complainant to have a supply of liquors intended for personal use, in a storage warehouse, upon which supply he may draw as desired; and, incidental to such possession, it is further claimed that the complainant may transport such liquors from their place of storage to his residence, that he may carry liquors on his person and consume them when and where he pleases, and it is to these propositions that I shall direct attention.

[2] Congress unquestionably sought by the Volstead Act to prohibit the traffic in intoxicating liquors for beverage purposes, and, in doing so, possessed, under the police power granted to it by the amendment, full authority to make the prohibition effective.   The framers of the bill had definitely before them the difficulties of enforcement, as is indicated by the report of the Committee on the Judiciary accompanying H. R. 6810, in which report it was said:

"Congress also takes into consideration the fact that the legislation in question operates upon the most lawless and scheming traffic with which the government deals.   Both the courts and legislative bodies recognize this and their judgments are rightly influenced by it."

In this connection the report calls attention to what was said by Mr. Justice McReynolds in delivering the judgment of the Supreme Court in Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304, to wit:

"And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose."

Consequently, in the present instance, Congress has seen fit, by way of carrying into effect its legislative purpose, to limit the places where liquors may be lawfully possessed, and particularly is this true as to liquors that are to be used for beverage purposes. This last limitation is contained in section 33 of the act, which reads:

"After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. *But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used.*"

[3] It is urged, however, that nowhere in the act is the personal possession of liquor penalized or declared to be in violation of law; but, on the contrary, section 33 of the act specifically recognizes a possession by persons not of the class of those in receipt of express legal permits, and as to such possession declares that it shall be only prima facie evidence of an intent to keep the same for commercial purposes. It is said in this connection that upon a rebuttal of the presumption there is a residuum of legal right which prevents a person in the position of complainant from falling within the class who possess liquors in violation of the provisions of title II.

[4] With this contention I am unable to agree. I say this because section 3 of the act provides that the possession of intoxicating liquors for any purpose, except as authorized by the act, is unlawful. I am also of the opinion that the possession of liquors for beverage purposes by the owner thereof within his dwelling is a possession differing from that referred to in the first sentence of section 33. This, it seems to me, is indicated by the language employed in the grant of permission to a householder to have liquors for personal consumption in his dwelling. Had Congress intended to legalize the possession of such liquors in any location, it would not have been necessary to employ a new sentence (as is the case), wherein words of specific limitation are used.

[5] The very exclusiveness of the place of possession necessarily excludes all other places, and in making the restriction so exclusive Congress did not transcend its powers. It appreciated that, were liquors possessed elsewhere than in the private dwelling of the owner, transportation would be a necessary incident to the use of the liquors, and to the end that the act might be effectively enforced it did not mean to authorize the promiscuous transportation of liquors. Such transportation as the act permits may be carried on only under the most stringent regulations. If possession of liquors anywhere were to be permitted, and if the places where liquor might lawfully be consumed for beverage purposes were likewise without limit, it would be neces-

sary to imply that such liquors might lawfully be transported. This would inevitably follow.

It is suggested that there is no reason why the abuse of such incidental transportation might not be prevented by a system of permits. Without attempting to conclude why Congress did not cover the situation in the manner suggested, I may say that, to my mind, a system of permits for the promiscuous transportation of liquor for beverage purposes would be highly impractical.

It may be said—indeed, it is said—that inasmuch as the complainant here lives but a short distance from the warehouse where his liquors are stored, transportation would play such a small part in their removal as to be negligible. Notwithstanding, their removal would involve some degree of transportation; and if what the complainant desires to do be held lawful, I can see no reason why a resident of a distant city might not have a store of liquors in the same warehouse and be permitted to transport them to his home, even though such transportation involved a movement by car, wagon, train, or boat. The answer is, I think, that under this statute transportation, other than as specifically provided for, cannot be a matter of degree. As to liquors for beverage purposes, the definite limits of their transportation are within the confines of the dwelling of their owner. It is my judgment that any other construction of the act would result in its emasculation. The sure defense of the purveyor and the bootlegger, found with a flask of liquor in his pocket, would be that he possessed the same for his personal use.

So, under the Eighteenth Amendment, I am satisfied that Congress, under the police power delegated thereby, had the right to prohibit *any* transportation of liquors, and in order to reduce the necessity for transportation to a minimum it had the power to legislate as to the places where liquor might lawfully be possessed. It seems to me that in doing so Congress cannot fairly be said to have overstepped the boundaries of appropriate legislation.

The limitation of the places where liquors may lawfully be possessed is but a corollary to the prohibition against their transportation, and, under the authority of Crane v. Campbell, supra, I do not think the inhibitions as to the places of possession are "arbitrary and unreasonable, or without proper relation to the legitimate legislative purpose."

Upon the subject as to whether the carriage of liquor upon the person comes within the act, it is argued that the facts present in United States v. Hill, 248 U. S. 420, 39 Sup. Ct. 143, 63 L. Ed. 337, are not applicable, owing to the fact that the prosecution in the Hill Case was based upon the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c) and that the court merely held that—

"The transportation of liquor upon the person of one *being carried in interstate commerce* is within the well-established meaning of the words 'interstate commerce.'"

That is quite true, but it must be remembered that the only jurisdiction of Congress to enact the prohibitory law then under discussion was based upon the interstate commerce clause of the Constitution,

and an interstate transportation was essential to conviction. Now, however, the power of Congress has been amplified by the adoption of the Eighteenth Amendment, and Congress can deal not only with interstate, but also with intrastate, transportation of liquor.

In view of the foregoing, and without regard to the technical objection urged against the complaint, I cannot do otherwise than to dismiss complainant's bill.

This opinion expresses my views of the situation as it existed upon the date when I filed my former memorandum herein, in which I said that I would dismiss complainant's bill and would file my reasons therefor at a later date.