Norma Grace **CONSTANTINEAU,**
Plaintiff,

v.

James W. **GRAGER,** Chief of Police, Hartford, Wisconsin, and State of Wisconsin, Defendants.

No. 69–C–29.

United States District Court
E. D. Wisconsin.

Aug. 18, 1969.

S. A. Schapiro, Milwaukee, Wis., for plaintiff.

Edmund W. Powell, Milwaukee, Wis., for defendant Grager on First Cause of Action.

Robert J. Russell, City Atty. for Hartford, Hartford, Wis., for defendant Grager on Second Cause of Action.

Benjamin Southwick, Asst. Atty. Gen., Madison, Wis., for defendant, State of Wisconsin.

## OPINION AND ORDER

Before DUFFY, Circuit Judge, and REYNOLDS and GORDON, District Judges.

REYNOLDS, District Judge.

The complaint herein, brought pursuant to § 1983 of Title 42 and § 2281 of Title 28 of the United States Code of Laws, challenges the constitutionality of §§ 176.26 and 176.28(1) of the Wisconsin Statutes. The basis of the alleged invalidity is the claim that these State statutes have and are depriving the plaintiff of due process of law in violation of the fourteenth amendment to the United States Constitution.

The first cause of action seeks damages, and the second seeks injunctive relief. At a pretrial conference held on March 25, 1969, it was agreed that the two causes of action would be separated, and the second cause of action would be decided first. Following an oral motion on behalf of the defendants for judgment on the pleadings in respect to the second cause of action, it was further agreed that the sole issue for determination of the defendant's motion is whether the Wisconsin Statutes in question are on their face constitutional. A hearing limited to this issue was held on June 6, 1969.

## FACTS

For the purposes of this motion, the facts as alleged in the pleadings will be regarded as true. The plaintiff, Norma Grace Constantineau, is an adult resident of the City of Hartford, Wisconsin. The defendant, James W. Grager, is the Chief of Police of the City of Hartford, Wisconsin.

On January 23, 1969, defendant Grager, in his capacity as Chief of Police and acting pursuant to §§ 176.26 and 176.28(1) of the Wisconsin Statutes, posted a notice in the retail liquor outlets in the City of Hartford, Wisconsin. This notice informed the person or establishment notified that they were forbidden "to sell or to give away to Norma Grace Constantineau any intoxicating liquors of whatever kind for a period of one year from date, under pain of the penalties provided by Sections 176.26 and 176.28(1) of the Wisconsin Statutes." This notice was signed by the

defendant, James W. Grager, as Chief of Police on January 23, 1969.

It is uncontested that the plaintiff received no notice or hearing whatsoever prior to this posting, and that as a result of this posting she has been unable to purchase intoxicating liquors within the City of Hartford, Wisconsin.

## STATUTES INVOLVED

The statutes pursuant to which the defendant Grager acted provide as follows:

"176.26 Liquor; beer and ale; sale forbidden; to whom. (1) When any person shall by excessive drinking of intoxicating liquors, or fermented malt beverages misspend, waste or lessen his estate so as to expose himself or family to want, or the town, city, village or county to which he belongs to liability for the support of himself or family, or so as thereby to injure his health, endanger the loss thereof, or to endanger the personal safety and comfort of his family or any member thereof, or the safety of any other person, or the security of the property of any other person, or when any person shall, on account of the use of intoxicating liquors or fermented malt beverages, become dangerous to the peace of any community, the wife of such person, the supervisors of such town, the mayor, chief of police or aldermen of such city, the trustees of such village, the county superintendent of the poor of such county, the chairman of the county board of supervisors of such county, the district attorney of such county or any of them, may, in writing signed by her, him or them, forbid all persons knowingly to sell or give away to such person any intoxicating liquors or fermented malt beverages, for the space of one year and in like manner may forbid the selling, furnishing, or giving away of any such liquors or fermented malt beverages, knowingly to such person by any person in any town, city or village to which such person may resort for the same. A copy of said writing so signed shall be personally served upon the person so intended to be prohibited from obtaining any such liquor or beverage.

"(2) And the wife of such person, the supervisors of any town, the aldermen of any city, the trustees of any village, the county superintendent of the poor of such county, the mayor of any city, the chairman of the county board of supervisors of such county, the district attorney or sheriff of such county, may, by a notice made and signed as aforesaid, in like manner forbid all persons in such town, city or village, to sell or give away intoxicating liquors or drinks or fermented malt beverages to any person given to the excessive use of such liquors, drinks or beverages, specifying such person, and such notice shall have the same force and effect when such specified person is a nonresident as is herein provided when such specified person is a resident of said town, city or village."

"176.28 Sale to forbidden person; evidence; pleading. (1) When the sale or giving away of any intoxicating liquors or fermented malt beverages to any person shall have been forbidden in the manner provided by law, every person who shall sell or give to, or for, or purchase or procure for, or in behalf of, such prohibited person any such intoxicating liquors or fermented malt beverages, shall be deemed guilty of a misdemeanor and shall be punished by a fine not exceeding $250 and the costs of prosecution; and in default of immediate payment thereof he shall be committed to the county jail or house of correction not less than 60 days unless sooner discharged by the payment of such fine and costs."

## ARE THE STATUTES ON THEIR FACE UNCONSTITUTIONAL?

The issue before this court is not whether a State may regulate the sale or gift of liquor to persons who by their excessive drinking misspend their funds

so as to expose themselves or their families to want or their communities to liability for the support of themselves or their families or endanger their own health or the peace and welfare of their communities. The power of a State to regulate the purchase, sale, or gift of intoxicating liquors within its borders is well established. Because of the well-recognized noxious qualities of such liquors and the potential extraordinary evil which may result from their misuse, this police power has been held to encompass absolute prohibition as well as severe restriction. Ziffrin, Inc. v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939); Crane v. Campbell, 245 U.S. 304, 38 S.Ct. 98, 62 L.Ed. 304 (1917). Rather the issue raised by this cause of action of the complaint is whether these particular statutes, enacted for an admittedly legitimate State objective, are nonetheless unconstitutional because in reaching that objective they violate the constitutional rights of individuals who are "posted."

It is the opinion of this court that §§ 176.26 and 176.28(1) of the Wisconsin Statutes are on their face unconstitutional in that they violate the procedural due process requirements of the fourteenth amendment to the United States Constitution. The concept of procedural due process is an elusive concept, the exact meaning of which varies with the particular factual context. As stated in Cafeteria & Restaurant Workers Union, Local 473, AFL–CIO v. McElroy, 367 U. S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed. 2d 1230 (1961)—

"* * * consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action. * * *"

In the instant case, the private interest affected by the statutes is not only the ability of the plaintiff to purchase alcoholic beverages within the City of Hartford, but also the interest of the plaintiff in not being exposed to unfounded public defamation, embarrassment, and ridicule. On the other hand, the governmental interest involved is the function of the State in regulating the sale of alcoholic beverages so as to prevent the dangers to individuals and the public that stem from their excessive use.

It is the defendants' position that having delineated the relative interests involved, procedural due process in the given situation does not require notice and hearing prior to "posting." They contend that when one weighs the police power of the State to control intoxicating liquors with the interest of the plaintiff in this case, the balance is clearly struck in favor of the former. With this conclusion we cannot agree.

In "posting" an individual, the particular city official or spouse is doing more than denying him the ability to purchase alcoholic beverages within the city limits. In essence, he is giving notice to the public that he has found the particular individual's behavior to fall within one of the categories enumerated in the statutes. It would be naive not to recognize that such "posting" or characterization of an individual will expose him to public embarrassment and ridicule, and it is our opinion that procedural due process requires that before one acting pursuant to State statute can make such a quasi-judicial determination, the individual involved must be given notice of the intent to post and an opportunity to present his side of the matter.

■ At the very minimum, due process requires that a person about to be "posted" be given an opportunity to answer the allegation that his behavior brings him within one of the categories set forth in the statutes. The statutes, however, include no provision whatsoever for either notice or hearing prior to "posting," and for this reason it is our opinion that they are unconstitutional on their face.

■ In ruling that a person about to be "posted" is entitled to an opportunity

to be heard, we do not mean that he is entitled to a full hearing with all of the constitutional ramifications thereof. Such a person is entitled, however, to an opportunity to confront the person claiming that his conduct warrants his being "posted" and to present his side of the story before he is in fact "posted."

The statutes involved also present serious constitutional questions with regard to the scope of persons to whom the "posting" is delegated as well as the definitiveness of the grounds for which an individual can be posted. However, having found that the statutes are unconstitutional as violative of due process, we do not find it necessary to reach these additional issues.

For the foregoing reason, it is the opinion of this Court that §§ 176.26 and 176.28(1) of the Wisconsin Statutes are on their face unconstitutional.

DUFFY, Senior Circuit Judge (dissenting).

I respectfully dissent. I believe my colleagues have failed to give effect to the well-established law that the states of our country possess a very high degree of police power in all matters pertaining to the regulation of intoxicating liquors.

"The power of a state to absolutely prohibit the sale of intoxicating liquor includes the power to permit the sale thereof under definitely prescribed conditions, and such business or traffic may be permitted only under such conditions as will limit to the utmost its evils. Similarly, the power to prohibit absolutely the manufacture of intoxicating liquors includes the power to prohibit conditionally, or to impose reasonable regulations or conditions upon, such manufacture." 30 Am.Jur., Intoxicating Liquors, §§ 23, p. 541.

Over fifty years ago the United States Supreme Court recognized that " * * * the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no state may abridge." Crane v. Campbell, 245 U.S. 304, 308, 38 S.Ct. 98, 99, 62 L.Ed. 304 (1917). This statement was specifically approved in Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568, in an opinion written by Chief Justice Taft.

In Cafeteria & Restaurant Workers Union, Local 473, AFL–CIO v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230, the Supreme Court stated: "As these and other cases make clear, consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action."

We should here weigh the nature of the government's functions and powers against the affected right of the individual. We note that plaintiff's attorney, both in his brief and on oral argument, conceded that the right of his client to drink intoxicating liquors is not a right protected by the United States Constitution. In Rice v. Sioux City Memorial Park Cemetery, 349 U.S. 70, 72, 75 S.Ct. 614, 615, 99 L.Ed. 897, the Court said: "Only if a State deprives any person or denies him enforcement of a right guaranteed by the Fourteenth Amendment, can its protection be invoked."

The great police power of the states over intoxicating liquor already existing was increased by the passage of the Twenty-first Amendment to the United States Constitution. That amendment provides in substance: "The transportation or importation into any State [or] Territory * * * for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." It is thus clear that the Twenty-first Amendment to the federal Constitution bestows on the states broad regulatory power over the liquor traffic. In 48 C.J.S. Intoxicating Liquors § 33, p. 167, it is stated: "The Twenty-First Amendment to the federal Constitution bestows on the states broad regulatory power over the liquor traffic."

In Crowley v. Christensen, 137 U.S. 86, 90–91, 11 S.Ct. 13, 15, 34 L.Ed. 620, the Court stated: "Not only may a license be exacted from the keeper of the saloon * * * but restrictions may be imposed as to the class of persons to whom they may be sold * * *."

In Cafeteria & Restaurant Workers Union, Local 473, AFL–CIO v. McElroy, *supra*, plaintiff Rachel Brawner was a shortorder cook in a cafeteria operated by her employer on a military base supervised by the defendant Secretary of Defense. She had worked there for six years. Her employer was satisfied with her work. The defendant withdrew her right to enter on the military base which was, of course, a condition necessary for her employment. Plaintiff challenged defendant's action saying that due process required that she be given notice of a hearing before any such action could be taken. The Supreme Court held that defendant's ex parte actions met the requirement of due process despite the absence of any notice to the plaintiff or a hearing.

In the *Cafeteria & Restaurant Workers'* case, *supra*, the Court noted that the plaintiff was free to obtain employment as a shortorder cook with the same employer at another location, saying: "All that was denied her was the opportunity to work at one isolated and specific military installation." 367 U.S. 896, 81 S. Ct. 1749.

Here, it can be stated that while bartenders in Hartford were prohibited from selling intoxicating liquors to the plaintiff, such prohibition was restricted to the city of Hartford and for a period of one year.

In Parker. v. Board of Education of Prince George's County, Md., D.C., 237 F.Supp. 222 at 228, the Court noted that the plaintiff was denied the right to work in the public schools in one county in Maryland. In Chafin v. Pratt, 5 Cir., 358 F.2d 349, 357, the Court noted that plaintiff "was free to work elsewhere."

There is here no claim by plaintiff that the statement prepared by the defendant pursuant to Wisconsin Statutes § 176.26 and § 176.28 was untrue or unwarranted. There was no effort by the plaintiff to obtain a hearing before the defendant or anyone else.

In view of the unreversed decisions of the United States Supreme Court, I conclude that the requirements of due process are met by Sections 176.26 and 176. 28(1) of the Wisconsin Statutes. If the Supreme Court's decisions are to be disregarded or modified, I think that is the prerogative of the Supreme Court and that it is not the prerogative of a United States District Court.