**UNITED STATES of America, Plaintiff,**

v.

**Jan MAAS, Bruce Michael Kissal, Thomas Hemmerle, Guillermo Bruges, and Rodrigo Duran, Defendants.**

Crim. A. No. 82–281.

United States District Court,
D. New Jersey.

Dec. 1, 1982.

W. Hunt Dumont, U.S. Atty. by Andrew Ruotolo, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Mark & Moffitt, P.C. by William B. Moffitt, Alexandria, Va., for defendant Jan Maas.

DeCotiis & Philips by Alfred C. DeCotiis, West Orange, N.J., for defendant Thomas Hemmerle.

Michael Tarre, Miami, Fla., for defendant Rodrigo Duran.

Williams & Connolly by Robert P. Watkins, Washington, D.C., for defendant Bruce Michael Kissal.

Sky E. Smith, Miami, Fla., for defendant Guillermo Bruges.

## OPINION

SAROKIN, District Judge.

Defendants seek to have the laws against the sale, possession and use of marijuana declared unconstitutional on the ground that those laws criminalize an activity which harms no one. They argue that the scientific evidence demonstrates that marijuana is not harmful, ergo, there should be no criminal penalties which flow from involvement with it.

A review of the scientific evidence submitted reflects a difference of opinion as to the harmful effects of marijuana. Congress is entrusted with the duty and responsibility of determining and categorizing what shall and shall not be a federal crime. It would be a violation of the separation of powers for the courts to make that determination. So long as there is a rational basis for the legislative action, the courts should not interfere.

The evidence regarding marijuana may be inconclusive. Having discerned that a risk exists and that there is a basis for same, Congress has the right to act. The future may reveal that many persons were prosecuted and punished for an activity that was proved to be harmless. On the other hand, scientific evidence may establish prolonged use of marijuana to be of greater harm than now known or imagined. In the first instance, history will condemn Congress for the energy and money spent in the frustrating and expensive enforcement of these laws. In the second instance, the historians will praise the legislators for their tenacity and foresight in protecting society from itself. In either event, the decision has been made by the governmental body with the authority to do so, and the judiciary must abide by that decision and enforce its implementation.

There are many instances in which drugs deemed to be lawful and safe have reeked havoc years later on their users and their offspring. The action of Congress should not be reversed for erring on the side of caution in the public interest despite the clamor to legalize and decriminalize. In the face of dispute in the scientific community, Congress has the right to choose which opinion shall guide its legislative hand. Having chosen, this court has no right to say that it should have decided otherwise.

Defendants Jan Maas, Guillermo Bruges, Rodrigo Duran, Thomas Hemmerle, and Bruce Michael Kissal were arrested on August 27, 1982 on board the vessel the Margaret R. Mr. Maas was the master of the vessel and the four others were crew members. The arrest came after the vessel was boarded by Coast Guardsmen, allegedly for a documentation check, and marijuana was discovered on board. Approximately 543 bales of marijuana, weighing approximately thirteen tons, were seized from the vessel.

The grand jury returned an indictment in which defendants were charged with several offenses of possession of marijuana and importation of marijuana.

By this motion all defendants seek dismissal of the indictment on the ground that the ninth and tenth amendments to the Constitution prohibit the punishment of crimes without victims. Defendants contend that these amendments contain a right of the people to be free from criminal prosecution for possessing a substance having relatively harmless effects on the user, other persons or society, regardless of the intent of the possessor. Defendants further argue that since possession of marijuana is a fundamental right protected by these amendments, the government must show a compelling state interest to support legislation under its police power which infringes on this right. The construction of the ninth and tenth amendments urged in this motion is one that leaves the right to possess a substance whose effects on users is in doubt in the sovereign people, and only allows the government to exercise its power to criminalize possession of a substance when it is scientifically established that the substance is harmful. Defendants argue that scientific data shows marijuana to be harmless to the user and to society, and that the government is required to present a compelling state interest to justify laws that criminalize possession of marijuana. If the government does not make such a showing, defendants argue that this court must declare unconstitutional, as applied to marijuana, the federal statute that criminalizes possession of controlled substances; 21 U.S.C. § 841(a)(1). The defendants have submitted an appendix of materials supporting their position that marijuana is harmless.

The government contends that possession of marijuana is not a fundamental right guaranteed by the Constitution. The government further argues that it is abundantly clear from the scientific data that a serious and established body of thought exists in the scientific community that smoking marijuana is harmful. The government has submitted a recent report of the Food and Drug Administration in support of its position.

Initially, the court rejects the argument that use of marijuana is a fundamental right protected by the Constitution.

The task of the court, when determining whether a right is fundamental so as to require legislation to be supported by a compelling state interest is to assess whether there is such a right explicitly or implicitly guaranteed by the Constitution. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 33–4, 93 S.Ct. 1278, 1296–1297, 36 L.Ed.2d 16 (1973). This court agrees with the conclusion reached in *NORML v. Bell,* 488 F.Supp. 123 (D.D.C.1980):

> Smoking marijuana does not qualify as a fundamental right, *Ravin v. State,* 537 P.2d 494, 502 (Alaska 1975) (dictum). In ascertaining whether a right is fundamental, a court must determine whether the right is "explicitly or implicitly guaranteed by the Constitution." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 33–34, 93 S.Ct. 1278–1297, 36 L.Ed.2d 16 (1973). On this issue, Justice Stewart once noted:
>
>> The Court . . . does not "pick out particular human activities, characterize them as 'fundamental,' and give them added protection * * *." To the contrary, the Court simply recognizes, as it must, an established constitutional right, and gives to that right no less protection than the Constitution itself demands.
>
> *Shapiro v. Thompson,* 394 U.S. 618, 642, 89 S.Ct. 1322, 1335, 22 L.Ed.2d 600 (Stewart, J., concurring). Smoking marijuana receives no explicit or implicit constitutional protection. The act of smoking does not involve the important values inherent in questions concerning marriage, procreation, or child rearing. Moreover, its use predominantly as a "recreational drug" undercuts any argument that its use is as important as, e.g., use of contraceptives, *see Eisenstadt v. Baird,* [405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) ], discussed at p. 131 *supra*. As the Alaska Supreme Court noted in discussing a right to private use of marijuana, "[f]ew would believe they have been deprived of something of critical importance if deprived of marijuana." *Ravin v. State,* 537 P.2d at 502. Private possession of marijuana, not being what Justice

Stewart called an "established constitutional right," cannot be deemed "fundamental."

*Id.* at 132–3. (footnotes omitted). *See also Louisiana Affiliate of NORML v. Guste,* 380 F.Supp. 404, 407 (E.D.La.1974), *aff'd,* 511 F.2d 1400 (5th Cir.), *cert. denied,* 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 96 (1975) ("[t]he right of plaintiff to possess marijuana in his own home can under no factual or legal interpretation be classified as fundamental or implicit in the concept of ordered liberty."); *Crane v. Campbell,* 245 U.S. 304, 308, 38 S.Ct. 98, 99, 62 L.Ed. 304 (1917) ("the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no State may abridge.")

Because the court finds that no fundamental right of defendants is implicated in their possession of marijuana, the government is not required to support the legislation here challenged with a compelling state interest. The constitutionality of the legislation will be upheld if there is a rational basis to support it. *United States v. Carolene Products Co.,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938); *United States v. Kiffer,* 477 F.2d 349, 352–3 (2d Cir.), *cert. denied,* 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65 (1973), (constitutionality of statute making possession of marijuana a crime is determined by the rational basis test); *United States v. Castro,* 401 F.Supp. 120, 126 (N.D. Ill.1975) ("courts have consistently dealt with challenges to penal classifications under the rational basis test.") In determining that the rational basis test is the correct one to use to test this legislation, it is unnecessary to determine whether there is any protection under the ninth and tenth amendments for possession of marijuana. The court accepts the premise of defendants, conceded by the government at argument, that it would be unconstitutional for the government to criminalize possession of a completely harmless substance, although such principle does not appear specifically in the ninth or tenth amendments. If defendants had proven that marijuana use clearly causes no harm to the users or to the

community, it would be appropriate for the court to declare the statute here challenged to be unconstitutional.

■ However, the court finds that the evidence does not clearly demonstrate that the use of marijuana is harmless. On the contrary, the effects of marijuana on users and others, especially the long-term effects, have not been conclusively established. The government submitted a recent report of the FDA, compiled in connection with an administrative proceeding considering the classification of marijuana under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, in which the agency reviewed current medical and scientific evidence and concluded that marijuana use entails a "significant risk to the public health." Proposed Recommendations to the Drug Enforcement Administration Regarding the Scheduling Status of Marijuana and Its Components and Notice of Public Hearing, 47 Fed.Reg. 28141, 28149 (1982). The report cited possible adverse effects on the central nervous system and cardiovascular and pulmonary systems. In *NORML v. Bell,* after a review of the scientific evidence, the court concluded that *NORML* had not established that use of marijuana poses no danger to the public health, safety or welfare.

> Experts still strongly disagree about the safety of marijuana, and its long-term effects remain an open question. Studies indicate that marijuana may impair the circulatory, the endocrine, and the immunity systems of the body, alter chromosomes, and change cell metabolism.
>
> Although many dispute these findings, this contradictory evidence demonstrates that important questions about marijuana use persist.

488 F.Supp. at 136 (footnote omitted).

The question for resolution then is whether the legislature may make criminal the possession of a substance where the harm from using it is unresolved. Defendants argue that until a danger is conclusively established the right to possess the substance remains in the people. This theory is contrary to the established principle that legislation that does not infringe upon fundamental rights need only be supported by a rational basis. The rational basis test requires only that the legislature have a "reasoned justification" for its decision, *United States v. Kiffer;* not that there be a scientific certainty to support it. *Ginsburg v. New York,* 390 U.S. 629, 642–3, 88 S.Ct. 1274, 1282–1283, 20 L.Ed.2d 195 (1968); *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 60–1, 93 S.Ct. 2628, 2636–2637, 37 L.Ed.2d 446 (1973) ( [a]lthough there is no conclusive proof of a connection between antisocial behavior and obscene material, the legislature of Georgia could quite reasonably determine that such a connection does or might exist.") Given the current uncertainty about the potential for harm from marijuana use, Congress could reasonably conclude that such use is or might be harmful, and this is a rational basis to support the imposition of criminal sanctions for possession of the substance to protect the public health and welfare. Indeed, the legislative history of the challenged statute indicates that Congress recognized that it was acting on the basis of an incomplete understanding of the effects of marijuana, and that further study was necessary before a complete understanding could be developed. H.R. Rep. No. 91–1444, 91st Cong., 1st Sess., *reprinted in* 1970 U.S.Code Cong. & Ad.News 4566, 4577–8.

Defendants have requested a hearing to present testimony in support of their position that marijuana use does not cause harm to the user or to others. It is clear that any testimony that could be presented would only strengthen the conclusion that actual or potential harm from marijuana use is disputed. Defendants could not prove that it has been established conclusively that use of marijuana is harmless, yet only such proof could alter this court's determination that the legislation is supported by a rational justification. The requested hearing would serve no purpose and therefore is denied.

Because the court finds that there is a rational basis for the legislation, its constitutionality must be upheld. The weighing of conflicting evidence about the harmful-

ness of marijuana is a task for Congress, not for this court. The proper role of this court is summarized in *United States v. Kiffer,* a case upholding the constitutionality of the same statute challenged here:

Any court asked to undertake review of the multifarious political, economic and social considerations that usually underlie legislative prohibitory policy should do so with caution and restraint. In this case, the challenged legislation incorporates conclusions or assumptions concerning an array of medical, psychological and moral issues of considerable controversy in contemporary America. Indeed, as a recent perceptive study suggests, 'Marijuana,' in fact, has become the symbol of a host of major conflicts in our society, each of which exacerbates any attempt at a rational solution to the problem. J. Kaplan, Marijuana-The New Prohibition 3 (1970). This should serve as a reminder that in most instances the resolution of such sensitive issues is best left to the other branches of government.

477 F.2d at 352.

The motion to dismiss the indictment is denied. Counsel for the government is directed to submit an appropriate order in accordance with this Opinion.