930 F.2d 918
 6 Indiv.Empl.Rts.Cas. 640
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony M. HOLLOMAN, Plaintiff-Appellant,
v.
GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, Defendant-Appellee.
 No. 90-3473.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Anthony M. Holloman appeals the district court's grant of summary judgment for defendant-appellee Greater Cleveland Regional Transit Authority (GCRTA) in this action challenging GCRTA's drug testing policy. For the reasons that follow, we affirm.
 
 I.
 
 2
 Holloman was involved in a rear-end collision while driving a GCRTA bus. He was given a drug test on the day of the accident, and he tested positive for marijuana. Holloman was suspended for thirty days at which time he was again tested. Once more he tested positive for marijuana, and he was suspended for thirty days and then retested. At this third test, Holloman tested negative for drug use, and he was reinstated to his position as a bus driver. Approximately two months later at a regularly scheduled biannual physical examination, Holloman's urine tested positive for marijuana and he was discharged.
 
 
 3
 Holloman's brief identifies eleven issues on appeal. However, the principal issue on appeal is whether the GCRTA violated Holloman's constitutional rights by requiring him to submit to a series of drug tests after the bus he was driving rear-ended another vehicle.
 
 II.
 A. Summary Judgment
 
 4
 Holloman argues that summary judgment is inappropriate in a case involving broad constitutional issues. He also argues that summary judgment was inappropriate in this case because there are numerous issues of material fact which were overlooked by the district court. However, the only factual dispute identified by Holloman concerns the chain of custody of his urine specimen which tested positive for marijuana and resulted in his termination.
 
 
 5
 Contrary to Holloman's argument, constitutional issues can be decided on summary judgment. See American Fed. of Gov't Employees v. Skinner, 885 F.2d 884 (D.C.Cir.1989) (affirming summary judgment granted in action challenging drug testing program under the Fourth and Fifth Amendments), cert. denied, 110 S.Ct. 1960 (1990). The alleged factual dispute regarding the chain of custody of the urine specimen is not material to Holloman's Fourth Amendment claim which challenges the reasonableness of requiring him to submit to the drug test. Therefore, it did not preclude the district court from granting summary judgment.
 
 
 6
 Moreover, there is no genuine dispute as to whether the urine collection procedure violated Holloman's due process rights. In an affidavit attached to his response to GCRTA's motion for summary judgment, Holloman stated that he left his unlabeled urine specimen on a table or cart with at least one other unlabeled urine specimen. However, Holloman's affidavit contradicted earlier deposition testimony in which he stated that there were no other urine specimens in the examination room when he gave his specimen to the doctor. "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts [his] earlier deposition testimony." Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir.1986). Accordingly, Holloman's affidavit did not preclude the district court from granting summary judgment for GCRTA.
 
 
 7
 Holloman argues that the affidavits submitted in support of GCRTA's motion for summary judgment were inadmissible under Federal Rule of Civil Procedure 56(e). However, Holloman waived any objections to the affidavits because he did not object to their admissibility in the district court.
 
 B. Drug Testing
 
 8
 Under the analytical framework of Skinner v. Railway Labor Executives' Association, 489 U.S. 602, 109 S.Ct. 1402 (1989), and National Treasury Employees Union v. Von Raab, 489 U.S. 656, 109 S.Ct. 1384 (1989), we must balance the governmental interests furthered by the drug testing against the privacy interests of the tested employee. GCRTA has a compelling interest in protecting the safety of its passengers and the general public by ensuring that its drivers do not operate buses while under the influence of alcohol or drugs. GCRTA's policy of requiring bus drivers to undergo urinalysis at biannual physical examinations and after certain specified accidents serves to detect and deter drug use by its drivers. Therefore, the drug testing policy is reasonably related to the compelling governmental interest in protecting public safety.
 
 
 9
 On the other hand, Holloman had a diminished expectation of privacy by virtue of his employment in a safety-sensitive position, the performance of which was dependent upon his health and fitness. GCRTA bus drivers are required to undergo biannual physical examinations, and they can be barred from driving when their health affects their ability to drive safely. The testing procedures employed in this case posed only limited threats to Holloman's justifiable expectations of privacy.
 
 
 10
 In sum, the drug testing of Holloman following his collision with another vehicle and at his biannual physical examination was reasonable because GCRTA's compelling interest in protecting public safety outweighed Holloman's diminished expectations of privacy. Therefore, we hold that the drug testing did not violate Holloman's Fourth Amendment protection against unreasonable searches. See Tanks v. Greater Cleveland Regional Transit Auth., --- F.2d ----, (slip op. No. 90-3494) (6th Cir.1991).
 
 C. Other Issues
 
 11
 Holloman asserts that he has a Ninth Amendment right to smoke marijuana in the privacy of his home, and he argues that the off-duty use of marijuana cannot result in termination from his employment absent a showing of impairment. There is no fundamental right to smoke marijuana, see United States v. Maas, 551 F.Supp. 645, 647 (D.N.J 1982). Therefore, Holloman's Ninth Amendment claim is meritless. Moreover, the inability to differentiate on- and off-duty drug use or impairment does not render a drug testing program unconstitutional. National Fed'n of Federal Employees v. Cheney, 884 F.2d 603, 609 (D.C.Cir.1989), cert. denied, 110 S.Ct. 864 (1990).
 
 
 12
 Holloman next argues that the drug policy was adopted in violation of the collective bargaining agreement between GCRTA and the union which represented him, and in violation of two state statutes. Holloman also contends that adoption of the drug policy impaired the obligation of a contract in violation of Article I, Section 10 of the United States Constitution.
 
 
 13
 Holloman's complaint alleged that GCRTA breached the collective bargaining agreement by adopting the drug testing policy. We hold that the district court properly dismissed this claim for lack of jurisdiction. There was no basis for jurisdiction under the Labor Management Relations Act, 29 U.S.C. Sec. 141, et seq., because GCRTA, as a political subdivision of the state of Ohio, is not an "employer" as defined in 29 U.S.C. Sec. 152(2). See Manfredi v. Hazelton City Auth., Water Dept., 793 F.2d 101, 102 (3d Cir.1986). There was no basis for pendent state jurisdiction because Holloman's claim against GCRTA arguably constitutes an unfair labor practice, as defined in Ohio Rev.Code Ann. Sec. 4117.11, and exclusive initial jurisdiction for such claims is vested in the State Employment Relations Board. See Gunn v. Board of Educ., 51 Ohio App.3d 41, 554 N.E.2d 130 (1988). Furthermore, the two state statutes cited by Holloman apply only where one transit system acquires an existing system, see Ohio Rev.Code Ann. Secs. 306.12 and 306.35(X), and Holloman's impairment of contract claim is meritless. See Smith v. Sorensen, 748 F.2d 427, 436 (8th Cir.1984), cert. denied, 471 U.S. 1054 (1985) (prohibition in Article I Section 10 applies only to legislative action.)
 
 
 14
 Finally, Holloman argues that the drug testing policy unfairly targets bus drivers and train operators by requiring testing upon the occurrence of certain specified accidents. He also asserts that the drug policy unfairly differentiates between alcohol abuse and drug abuse because GCRTA maintains an alcoholism rehabilitation program but does not maintain a rehabilitation program for those employees who use marijuana. Holloman appears to be arguing that he was denied equal protection, but he did not assert an equal protection claim in his complaint nor did he attempt to amend his complaint. Therefore, the equal protection claim is not before this court. See Vervaecke v. Chiles, Heider & Co., 578 F.2d 713, 720 (8th Cir.1978).
 
 III.
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation