In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2250

NEIL J. ASLIN,

*Plaintiff-Appellant*,

*v.*

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:11-cv-04123—**Ronald A. Guzman**, *Judge.*

ARGUED NOVEMBER 2, 2012—DECIDED JANUARY 2, 2013

Before MANION, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* On May 4, 2011, BEST Direct fired Neil Aslin from his job as a securities broker in order to remain compliant with a Financial Industry Regulatory Authority (FINRA) rule known as the "Taping Rule." The rule requires a securities firm to adopt significant monitoring measures when too many of its brokers have recently worked for "Disciplined Firms."

Instead of adopting those monitoring measures, the employer also has the choice of terminating the employment of enough such brokers, and that is what BEST Direct did. Aslin then filed this suit alleging that FINRA violated his Fifth Amendment right to due process by including him on the list of brokers from Disciplined Firms without providing him the opportunity to challenge the designation. He sought declaratory and injunctive relief to stop FINRA from including him on the list.

The district court dismissed the case, concluding that Aslin failed to state a claim because he was not deprived of a property or liberty interest protected by the Due Process Clause of the Fifth Amendment.[1] We agree with the district court's dismissal of Aslin's complaint but on different grounds. Since Aslin sought only injunctive and declaratory relief to prevent application of the rule to him, the controversy ended in March 2012, after which Aslin was no longer included on the list of brokers from Disciplined Firms. Because of this, the case was moot when the district court issued its decision in April 2012. Accordingly, we vacate the district court's opinion and modify the dismissal to one for lack of subject matter jurisdiction.

---

[1] The district court assumed *arguendo* — and with a fair bit of skepticism — that FINRA's action constituted government action. We do not reach the issue.

I. *Factual and Regulatory Background*

A. *FINRA*

FINRA is a private, non-profit corporation that is registered with the Securities and Exchange Commission (SEC) as a "national securities association." Such private regulation was made possible by the Maloney Act, which provided for the establishment of self-regulatory organizations to oversee the securities markets. 15 U.S.C. §§ 78o *et seq.* In this capacity FINRA creates and enforces rules that govern the industry alongside the SEC and is subject to significant SEC oversight. The SEC must approve all of FINRA's rules, 15 U.S.C. § 78s(b)(1), and the SEC may abrogate, add to, and delete from all FINRA rules as it deems necessary. 15 U.S.C. § 78s(c).

Firms that deal in securities must comply with FINRA rules because federal law requires them to do so. Federal securities law requires most securities firms to register with a national securities association and to follow the association's rules. 15 U.S.C. § 78o(b)(11). FINRA is currently the only national securities association, so all such brokerage firms must register with FINRA. In addition to firms, FINRA regulates individual securities brokers by requiring them to register and abide by FINRA's rules. FINRA Rule 1031. Employees required to register with FINRA must pass an examination and are referred to as "registered persons" in FINRA's rules.

B. *The Taping Rule*

Aslin's suit challenges a FINRA rule known as the "Taping Rule," which requires securities firms employing

a certain number persons who previously worked at Disciplined Firms to "establish, maintain, and enforce special written procedures for supervising the tele-marketing activities" of their employees. FINRA Rule 3010(b)(2), available at http://finra.complinet.com/ (last accessed Dec. 27, 2012).[2] A firm is considered to be "Disciplined Firm" if, among other reasons, the firm has been expelled from membership in FINRA in connection with securities sales practices. FINRA Rule 3010(b)(2)(J). A broker counts toward a firm's number of brokers from Disciplined Firms if he or she was registered for at least 90 days with a Disciplined Firm within the past three years. FINRA Rule 3010(b)(2)(H). The rule is intended to prevent brokers from moving en mass from a firm that engaged in unlawful telemarketing practices to a new firm where they might start the illegal activity anew. SEC Release No. 34-39361, 62 Fed. Reg. 64422, at 64424 (Dec. 5, 1997).

FINRA determines when a firm is subject to the Taping Rule by using a list of the brokers who previously worked at Disciplined Firms. Inclusion on the list is automatic; FINRA makes no determination of individual wrongdoing and gives the broker no opportunity to avoid inclusion. For firms with between ten and twenty registered persons, a firm is subject to the Taping Rule

---

[2] The rule can be found in the section titled "NASD Rules." NASD refers to the National Association of Securities Dealers, a self-regulatory organization that was FINRA's predecessor. FINRA adopted the NASD rules as its own when it was established.

"where four or more of its registered persons have been associated with one or more Disciplined Firms in a registered capacity within the last three years." FINRA Rule 3010(b)(2)(H). A firm that becomes subject to the rule must then either institute the required monitoring procedures, which we are told can be quite expensive, especially for smaller firms like BEST Direct, or reduce the number of employed brokers who previously worked for Disciplined Firms. The latter is what happened to Aslin.

Aslin worked at Brewer Financial from May 2005 through March 2009. He then moved to BEST Direct in April 2009. On March 5, 2011, Brewer Financial became a Disciplined Firm when it agreed to be expelled from FINRA to settle a disciplinary matter relating to private security offerings. Even though Aslin was no longer working at Brewer Financial when it became a Disciplined Firm, he was counted for purposes of the Taping Rule because he had worked there within the past three years. On April 1, 2011, FINRA notified BEST Direct that it was subject to the Taping Rule because 11 of its 17 registered brokers had worked for Brewer Financial — a Disciplined Firm — within the past three years. On May 4, 2011, BEST Direct fired Aslin (and presumably a few other former Brewer Financial brokers) to avoid instituting the monitoring system.

## II. *Mootness*

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy

ceases to exist between the parties. See *Honig v. Doe*, 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"); *Stotts v. Community Unit School Dist. No. 1*, 230 F.3d 989, 990-91 (7th Cir. 2000) (dismissing appeal as moot). Mootness commonly arises where a federal court becomes unable to award meaningful relief in the case. This is often so where a plaintiff seeks only injunctive or declaratory relief and the defendant discontinues the conduct in dispute. See, *e.g.*, *Board of Education of Oak Park v. Nathan R.*, 199 F.3d 377, 378 (7th Cir. 2000) ("issue of whether the School was obliged to provide special education services to [student] during his expulsion is moot because he has graduated from high school"). In such a case there is no longer any ongoing wrongdoing to remedy, so a justiciable controversy no longer exists, unless the dispute is "capable of repetition yet evading review." We conclude that this action must be dismissed as moot. There is no longer an ongoing controversy, nor does this dispute fit into the narrow exception for disputes likely to be capable of repetition yet evading review.

A.  *Ongoing Controversy*

Aslin's case is moot because he no longer has the designation that he claims violates his due process rights, and he is not seeking any retrospective relief. As we know, a broker is included on the list of brokers who worked at Disciplined Firms only if the broker worked at a Disci-

plined Firm within the last three years. Aslin last worked at a Disciplined Firm — Brewer Financial — in March 2009. By the end of March 2012 FINRA no longer counted him as a member of a Disciplined Firm under the Taping Rule. When the district court decided the case in April 2012, Aslin no longer had the designation he challenged.

Because Aslin was no longer being counted adversely under the rule, there was no justiciable controversy. Aslin's complaint seeks only: (1) a declaration that the Taping Rule denied him due process of law and (2) an injunction preventing the application of the rule to him unless and until he is afforded an opportunity to challenge the designation. The court could not grant or effect the relief Aslin sought — to prevent FINRA from designating him as a member of a Disciplined Firm without process — since FINRA is no longer designating Aslin as such or threatening to designate him in the immediate future. If this suit were to continue, Aslin would be asking a court either to tell FINRA to stop doing something that it is not doing, or to declare rights and obligations about a controversy that no longer exists. In either case there is no longer an ongoing controversy and no jurisdiction.[3]

---

[3] This is not a case where a defendant has voluntarily discontinued the challenged activity or policy but reserved the right to change its mind. In such cases the question of mootness may be more difficult because dismissal would leave the defendant free to return to its old ways. *E.g., United*

(continued...)

Aslin contends, however, that the alleged violation of his due process rights is continuing to cause him harm that this suit may remedy. He contends that the rule caused him to be terminated from his employment, and that he has not yet been reinstated or found other work as a broker. He also claims that this fact will make it more difficult for him to get employment in the future. But these injuries, significant though they may be, could not be remedied by the relief sought in this case. A declaration that a rule not currently being applied to Aslin violates his due process rights does not address the problem of lingering harm from the actions of private persons. Such a declaration would not require BEST Direct to rehire Aslin or prohibit a prospective employer from considering the fact that he was fired because of the Taping Rule.

Aslin cites the Supreme Court's decision in *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971), for the proposition that he has a right to remove the stigma of the rule from his name. Aslin's reliance on *Constantineau* is misplaced. The decision held that there is a due process right to contest a *present* government designation that challenges "a person's good name, reputation, honor, or integrity . . . ." *Id*. at 437. The case did not say that a suit seeking to enjoin conduct alleged to violate the Due

---

[3]  (...continued)
*States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953). Under the terms of the challenged FINRA Taping Rule, the rule's application to plaintiff Aslin simply expired by passage of time.

Process Clause remains justiciable when the defendant is no longer engaging, or threatening to engage, in the conduct.

In *Constantineau* a police chief posted a notice in local liquor stores that Constantineau was prohibited from purchasing liquor. The chief did this under authority of a Wisconsin statute that permitted him to "forbid the sale or gift of intoxicating liquors to one who 'by excessive drinking' produces described conditions or exhibits specified traits, such as exposing himself or family 'to want' or becoming 'dangerous to the peace' of the community." *Id.* at 434, quoting Wis. Stat. § 176.26 (1967). Constantineau sought an injunction against the statute on the ground that the statute violated her right to due process because it attached a stigma of wrongdoing to her without affording her any process to challenge the designation. In effect, the posting was a "quasi-judicial determination" that the police chief "'found the particular individual's behavior to fall within one of the categories enumerated in the statutes'" that permitted such posting. *Id.* at 436, quoting *Constantineau v. Grager*, 302 F. Supp. 861, 864 (E.D. Wis. 1969).

Constantineau brought suit seeking to invalidate a state law that was *currently* depriving her of her due process rights. A decision holding the law unconstitutional could provide immediate relief from the *application* of the law. Here, Aslin no longer has the designation that he complains violates his right to due process. A possible decision that the Taping Rule is unconstitutional would not provide him relief from the rule, because the

rule is no longer being applied to him, and he is not seeking redress for the past harm.[4]

B. *Capable of Repetition Yet Evading Review*

The Supreme Court has long recognized a narrow exception to the doctrine of mootness for disputes that are "capable of repetition, yet evading review." *Norman v. Reed*, 502 U.S. 279, 287-88 (1992) (challenge to law restricting political party access to ballot), quoting *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) (same), quoting in turn *Southern Pacific Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911) (challenge to ICC cease-and-desist orders in effect for no more than two years); *Wirtz v. City of South Bend*, 669 F.3d 860, 862 (7th Cir. 2012) (reviewing case law). This pragmatic exception is kept under tight control to keep it from swallowing the general prohibition on deciding moot cases. A case can avoid dismissal for mootness as capable of repetition yet evading review when: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its

---

[4] Where a person acting under color of federal law violates clearly established constitutional rights, a damages remedy may be available under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and its progeny. Aslin has not pursued such a claim or indicated any desire to do so. The difficulty of showing that application of the Taping Rule to him amounted to a violation of clearly established constitutional law would seem to be an insuperable obstacle to such a claim.

cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). Aslin has not presented any argument or evidence that he is likely to be affected by the Taping Rule in the future, and we see nothing in the record to suggest otherwise. We therefore conclude that this case does not fall within this exception.

For Aslin to be subject to the Taping Rule again, a firm that he works for in the future would need to become a Disciplined Firm. It is not enough, as Aslin suggests in his brief, that someone will be subject to the rule in the future; there must be a reasonable expectation that the plaintiff himself will be. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). This would require one of these firms to meet the criteria in FINRA Rule 3010(b)(2)(J). These criteria are stringent and require a firm to be either expelled from FINRA or barred from the securities industry by a federal regulator. See FINRA Rule 3010(b)(2)(J). Such expulsions and bars seem to be unusual events. Aslin has not shown that they occur with such frequency as to create a "reasonable expectation" that Aslin himself will be subject to the rule again. Accordingly, there is no reasonable expectation of repetition, and the dispute here cannot avoid dismissal as moot on the theory that it is capable of repetition yet evading review.

*Conclusion*

The district court's opinion is VACATED and the case is REMANDED with instructions to dismiss the action for lack of subject matter jurisdiction.